# Civil Rights Complaint

Federal Statute: This is a 42 U.S.A.C. 1983 action filed by inmate Deaven E. Tucker, a State prisoner alleging violation's of his constitutional right's & seeking monetary damages, declaratory judgement & injunctive relief, & a permanent injunction. The plaintiff request a trial by jury, for negligence & personal injury on the part of the above named defendant's, in non compliance with State & Federal laws, as fact's are laid out.

## Jurisdiction

(one)

This action is brought against each defendent's by the plaintiff as a provision of 42 U.S.C.A. 1983. Plaintiff is alleging violations of his Federal & State constitution, article one, section ten, the right to be free from cruel & unusual punishment by violating the plaintiff first, fifth, eighth & fourteenth amendment, under due process, as provided by State & Federal constitution. This court has jurisdiction over plaintiff's claim's of violation's under provision's of 42 U.S.C.A 1983 provided under the Federal constitution, provided by U.S.C.A. 1331,(A) & 1343.

## Parties

(two)

Plaintiff Deaven E. Tucker, is filing this complaint pro se & is incarcerated at the Rhode Island Adult

corrections institution of maximum security, numerical system of identification No. 98205. He is suing the named defendants below, in both their individual & official capacity under color of state law during the events as described in this complaint.

(Three)

R.I. Department of Corrections is a state agency, owned & operated by the state of Rhode Island, located in the county of providence, & thereby employs the below named defendants under color of state law.

(Four)

Defendant Ashbel T. Wall director, R.I. D.O.C. In Cranston Rhode Island. He is being sued in both his individual & official capacity under color of state law.

(Five)

Defendant Jake Gadsden assistant director, in Cranston, Rhode Island. He is being sued in both his individual & official capacity under color of state law. He is ultimately responsible for the operation & management of correctional personal, & he is also responsible for my classification & where im ultimately housed.

(Six)

Defendant, Cutworth, is the warden, Rhode Island D.O.C. Intake center in Cranston. He is being sued in both his individual & official capacity under color of state law. He is ultimately responsible for the operation & management of his building.

(seven)
Defendant James Weeden warden, maximum security, R.I. D.O.C. in Cranston. He is being sued in both his individual & official capacity under color of state law. He is ultimately responsible for the operation & management of his building.
(Eight)
Defendant, Vitale, deputy warden of maximum security R.I. D.O.C. in Cranston. He is being sued in both his official & individual capacity under color of state law. He is ultimately responsible for the operation & management of his building.
(Nine)
Defendant Robert Catlow, is the chief investigator, R.I. D.O.C. in Cranston, he is being sued in both his individual & official capacity under color of state law. He is ultimately responsible for the training, supervision & management of S.I.U. personal.
(Ten)
Defendant Linda Rose, is an S.I.U. investigator, R.I. D.O.C. in Cranston, she is being sued in both her official & individual capacity under color of state law.
(Eleven)
Defendant William Bourgonis, is an S.I.U. investigator, R.I. D.O.C. in Cranston, he is being sued in both his individual & official capacity under color of state law.

(Twelve)
Defendant Steven Cabral, is an S.I.U. investigator, at R.I. D.O.C. in Cranston, he is being sued in both his official & individual capacity under color of state law.
(Thirteenth)
Defendant Joseph Forge, is an S.I.U. investigator, at R.I. D.O.C. in Cranston, he is being sued in both his official & individual capacity under color of state law.
(Forteenth)
Defendant Steven Vugler, is an ex S.I.U. investigator, at R.I. D.O.C. in Cranston, he is being sued in both his official & individual capacity under color of state law.
(Furteenth)
Defendant Leo Ashton, captain R.I. D.O.C. in Cranston at maximum security, he is being sued in his official & individual capacity under color of state law.
(Fifthteenth)
Defendant, Joe Alves, lieutenant of maximum sec. R.I. D.O.C. in Cranston, he is being sued in his official & individual capacity under color of state law.
(Sixteen)
Defendant, Scott Lepizzera, C/O at the R.I. D.O.C. intake center Cranston, he is being sued in his official & individual capacity under color of state law.
(Seventeen)
Defendant, Melino, C/O at the R.I. D.O.C. maximum security in Cranston, he is being sued in his official & individual capacity under color of state law.

(eighteen)
Defendant, C/O Lombardi, a C/O at the R.I. D.O.C. intake center cranston, he is being sued in his official & individual capacity under color of state law.

(Nineteenth)
Defendant, Tony Amaral, adult counselor, R.I. D.O.C. high security, in cranston R.I. he is being sued in his official & individual capacity under color of state law.

(Twenty)
Defendant, Debbie Moretti, adult counselor, R.I. D.O.C. intake center, in cranston R.I. She is being sued in her official & individual capacity under color of state law.

(Twenty one)
This action arises under the united states constitution, & Rhode Island State constitution, more, particularly, under the provision of the first, fifth, eighth, & fourteenth amendment pursuant to state & federal laws.

(Twenty two)
Each & every act of the defendants alleged herein was done by defendants under color of state law during all times relevant to this complaint under pretense of the statutes, ordinances, regulations, customs, & usages of the state of Rhode Island & under the authority of their offices as an agency for said state.

Facts

On 3.[illegible].05, I was taken out of medium one security

& placed in seggregation pending a narcotics investigation without being given a notice of transfere. on 3.31.05 I was lugged from medium one to intake hospital ward without being given a notice of transfere & I was also booked for narcotics trafficking on the word of a reliable informant. I was placed in the hospital ward observation cell with a 24 hour guard, I was placed in a dry cell chained to a bed from 3.31.05 until 4.06.05. on 4.06.05 I was forced to deficate inside a plastic bag by investigators Joe Forge & Steven Cabral, they went threw my feces & no drug's were found. I was then taken down stair's for an interrogation & on the way down in the elevator I was sucker'd by investigator Steven Cabral, I made a formal complaint with inspector lopez & he took pictures of my cut lip. the brought me in the office to be interrogated where Steven Wuyler, joined the interrogation, I asked for my attorney & they said it was a d.o.c. investigation & I wasn't entitled to my attorney. I refused to answer any question's & they berated me, & my family for a half hour or so & I refused to talk. I was then booked by said investigator's for threat's that I didn't make on two separate booking's, on 4.06.05. I was then booked on 4.08.05 for a dirty urine that I supposidly took in medium security, yet on the date of this alleged infraction I was confined in the intake, on both above date's investigator's falsefied booking's. I was moved on 4.08.05 from the intake hospital to intake seg with no rec or shower's for a

total of fourteen days, (14), I wasn't allowed to send out mail, speak with counselor Debbie Moretti, or call my lawyer Dena Paolino, even though I put in numerous request slips. Investigator's Sue Forge & Steven Cabral placed a memo on the board in the seg control center informing C/o Lombardi & C/o Lepizzera, denying me showers, rec, phone calls & access to the seg counselor Debbie Moretti. I wrote D.O.C. attorney Patricia Coyne, informing her of my situation, she wrote me back & the next day the fifthteenth day, (15), I was given a shower, rec & access to counselor Debbie Moretti, who called my attorney Dena Paolino, who came up to see me imediately & C/o Scotti Lepizzera, gave my attorney the memo regarding my status. I was then moved from the intake center to high security on 4.17.05 again without a notice of transfere. The investigator's were opening my out going mail from 3.01.05 until 6.10.05 were I made a formal complaint to Chief investigator Robert Catlow, that whoever was in charge of my mail monitoring, (Steven Cabral), he switched all my mail on 6.03.05. The letter I sent to Victoria Berardinelli was sent to Erin Cahill, & Erin Cahill's was sent to Victoria Berardinelli. The letter I sent to Melissa Macleen was sent to Christina Faria & Christina Faria's was sent to Melissa Macleen, all with the intention to alienate me from my family & friend's. I was then booked again by investigator Steven Cabral for again making threat's in an out going letter that I

didn't make, once again he falsified another booking. I again wrote chief investigator Robert Catlow to complain. On 6.9.05 Robert Catlow, Daniel Baptiste & Steven Cabral came to see me & apologized for switching my mail & they informed the mail monitoring was over.

I was released on 6.16.06. On 12.13.06 I came back & was placed under a mail monitoring immediately, they're opening my mail to date & they've been doing so since 12.13.06 & I haven't been under any D.O.C. investigation. On 12.29.06 I signed a six month sentence & on 1.03.07 I was moved from intake to high security from intake with out a notice of transfere or classification as is the policy. I was placed in D-Mode for one night & then I was then moved to seg behind the hospital ward without my property or rec from 1.04.07 until 1.17.07 in a cell without a window. I wrote to chief investigator Robert Catlow, on 1.17.07 explaining my seg status & situation, he wrote back on 1.18.07 informing me I was infact B-status & shouldn't have been placed in seg, I was moved on 1.19.07 to B-status. On 2.08.07 a counselor from intake came to see me about my classification status & asked me why I was moved without seeing the board, I had no answer & he then did my classification report. They board held a board without me & I was classified max P/C status unbeknownst to me. I was then brought to a classification board on 3.16.07 in high security where I was informed by counselor Tony Amaral, that I was infact max P/C & I asked to be placed there & he

said, "no", I was then reclassified high security s-status. on 3.12.07 I put in a request slip to counselor Tony Amaral, to marry my long time fiance. Tony Amaral did the necessary paper work & it was approved for 4.15.07 Captain Anderson, brought me the necessary paper work to sign. on 4.13.07 counselor Tony Amaral informed us that it would be pushed back to 5.8.07 because he wanted us to use his Justice of peace. And then on 5.3.07 I was moved from high security s. status to maximum security seg once again without being given a notice of transfere.

I wasn't under a D.O.C. investigation nor was I facing disciplinary proceedings. Noone came to see me or talk to me & explain my situation. I was denied access to call my family or attorney, I wasn't allowed store orders, or visits, phone calls or property & I wasn't given incoming mail nor was I allowed to send out out going mail. on May 30th I was indicted on new charge's & on June 1st, I was given my property, rec, visits & a phone call to my attorney. My sentence ended on 6.4.07 but I had pending charges so I should of been moved to the intake as a nonsentenced awaiting trial inmate. I put in request slips concerning my status & finally on 6.15.07 warden James weeden came to see me & gave me a memo & explained that I was on a new status called administrative confinement awaiting trial, he told me that this status was created on 12.15.06 with me solely in mind. I have since gained access of said policy & I dont fit the criteria to be placed on said

status, furthermore, they didn't follow the policy & procedure. I've never spoken to a shift commander regarding my status, none has explained my situation to date. I have never spoken to an ARC panel or a psychologist as is policy, im not & haven't once had out side rec as is policy. As a pretrial detainee im suppose to be given more phone privileges to speak with my attorney & or private investigator's, im being given one ten minute call a week personal or legal. None has evaluated my situation from 5.03.07 until date. I am being denied access to the law library or law cart to work on my case, im allowed to see a law librarian once a week, & more often then not my request is denied. Furthermore, im law illeterate & don't know what book's to ask for & I can't trust a law clerk with my legal work do to the seriousness of my case. They open my out going mail with out cause or action which is against policy. I filed grievances on 7.07.07 & on 8.3.07 I was informed that they were lost so I refiled them on 8.5.07, on 7.15.07 my fiance gave birth to my son & the hospital sent me my sons birth certificate certafied mail, I was informed on 7.23.07 that they lost the birth certificate that came in the mail. I filed a 42 U.S.C.A 1983 on 7.24.07 & on 7.26.07 Lieutenant Alves, C/o Melino, C/o Gardner C/o Denise & Captain Ashton came to do a cell search & they was berating me for filing grievances & this 42 U.S.C.A 1983 law suit. A C/o said that I can thank investigator Cabral for my situation & for filing my

law suit & grievances. I was informed my law suit was opened, read & trashed. C/o Melino, then searched my cell Lieutenant Alves & C/o Gardner turned their back's & I then observed C/o Melino, pull a 12" piece of steel from his waist band & then call Lieutenant Alves & inform him that it was in my cell vent. I was then booked for a weapon & placed in seg for possession of a 12" peice of steel later identified as a paint can handle. There is no way I can gain access to such a weapon, im on administrative confinement, therefore, I go to visit's once a week, court or to see my attorney & I am strip searched before being escorted from my cell, & then I am again strip searched upon entering my cell again. I have also been denied the right to marry.

Claims first cause of action

The actions of the defendants stated in paragraphs one through twenty two as incorporated herein denied plaintiff's first, fifth, eighth & fourteenth amendment right's of the constitution of the united states constitution, federal & state statues.

second cause of action

Plaintiff's first, fifth, eighth & fourteenth amendment rights against cruel & unusual punishment & due process & equal protection of laws were denied

by the acts of each defendant in paragraphs one through twenty two as incorporated when plaintiff when plaintiff was moved from building to building without notice of transfere. when plaintiff was struck. when multiple bookings were falsified. when plaintiff was chained to bed, denied rec, denied shower for fourteen days. when plaintiff was denied access to attorney, denied access to counselor Debbie Moretti. when plaintiff's mail was switched. when plaintiff's out going mail was opened, read, photo copied without just cause or action. when plaintiff was placed in seg on administrative confinement without being informed why, denied adequate exercise or access to the ARC panal or psychologistes as is policy & procedure. when plaintiff was set up with a 12" piece of steel, & the booking was falsified. when plaintiff was unfairly targeted for putting in law suits & grievances. when plaintiff's certafied mail, (birth certificate), was lost. when plaintiff's legal law suit was opened, read & destroyed. when plaintiff was forced to deficate in a plastic bag. when plaintiff was placed in a cell without a window or adequate hygiene in a cell where I can't flush my human waste & am forced to smell the waste until the C/o chooses to flush the toilet. when plaintiff was denied right's by d.o.c. not following policy & procedure's inmate mail 24.01.5, Disciplinary 11.01.4, marriages 19.03 & administrative confinement awaiting trial 12.02.1

# Relief

Wherefore, plaintiff request this honorable court to grant the following relief:

A. Issue a declaratory judgement that defendants violated plaintiff's state & federal statutory rights, amendment rights & priviledges of the united states constitution.

B. Issue an injunction ordering the defendant's or their agent's to refrain from placing inmates in seg without following policies & procedures when no security issues involved or expediting the procedure's in ascertaining an inmates situation & confinement. Refrain from transfering inmate's from building to building without notice of transfere. And refrain from opening out going mail without just cause.

C. Grant compensatory damage's in following amounts:
1. $1,000 against defendant Ashbel T. Wall II
2. $500 against each of the remaining defendants.

D. Grant punitive damages of $500 against each defendant or grant such other relief as it may appear plaintiff is entitled too, or this court deem's necessary.

Respectfully Submitted
"Deaven & Tucker Sr"