UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEAVEN TUCKER

v.  NO. 07-406ML

A.T. WALL, II, et. al.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On November 1, 2007, Deaven Tucker ("Plaintiff"), *pro se*, filed a complaint (the "Complaint") with the Court pursuant to 42 U.S.C. § 1983 ("§ 1983") (Docket #1). Plaintiff, a prisoner confined at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, named eighteen current or former ACI employees as defendants. The record indicates that seven of the eighteen defendants have not been served in this action (Cutworth, Mokler, Amaral, Lombardi, Morretti, Ashton, and Alves). In this Report and Recommendation I recommend the dismissal of the claims against these seven defendants for failure to state a claim on which relief may be granted and/or failure by Plaintiff to serve process in accordance with Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules").

DISCUSSION

I. **Failure to State a Claim**

Subsequent to the filing of the Complaint, eleven of the defendants filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim on which relief may be granted (the "Motion to Dismiss")(Docket # 22). Simultaneously herewith, I have issued a Report and Recommendation reviewing the claims set forth in the Complaint and recommending the Motion to Dismiss be granted in part and denied in part (the "Motion to Dismiss R&R")(Docket # 54). Specifically, I have recommended that the only claims in the Complaint that should survive at this time are: (1) the Fourteenth Amendment claims against Gadsen regarding the conditions of Plaintiff's confinement as a pretrial detainee and (2) the First and Fourteenth Amendment claims against Melino, Alves, and Ashton regarding retaliation for Plaintiff's filing of grievances and a civil rights complaint.

The Prisoner Litigation Reform Act (the "PLRA") requires a court to screen a civil rights action filed by a prisoner against an officer or employee of a governmental entity and dismiss *sua sponte* any claims for, *inter alia*, failure to state a claim on which relief may be granted. 28

1

U.S.C. § 1915A ("§ 1915A"). The standard of review under § 1915A(b)(1) is identical to the standard for motions to dismiss pursuant to Federal Rule 12(b)(6). *See c.f. Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008)(regarding screening under 28 U.S.C. § 1915). Accordingly, for the reasons stated in the Motion to Dismiss R&R, I find that the Complaint fails to state any claims on which relief may be granted against defendants Cutworth, Mokler, Amaral, Lombardi, and Morretti. I therefore recommend that these five individuals be dismissed as defendants in this action.

## II.    Failure to Serve

Additionally, with respect to the two remaining unserved defendants, Ashton and Alves, it appears that Plaintiff failed to serve these defendants in accordance with the Federal Rules. Fed.R.Civ.P. 4. Under Federal Rule 4(m), if a defendant is not served within 120 days after the complaint is filed, unless a plaintiff shows good cause, the court must either dismiss the action without prejudice against the defendant who has not been served or order that service be made within a specified time. *Id.* at 4(m).

Here, five of the unserved defendants, including Ashton and Alves, moved for the claims to be dismissed against them for lack of prosecution due to Plaintiff's failure to serve them (Docket # 22). Plaintiff did not object to this motion or provide any explanation that could suggest good cause for his failure to serve the unserved defendants. Over two years have passed since Plaintiff filed the Complaint, and Plaintiff still has not served these defendants.

Accordingly, pursuant to Federal Rule 4(m), I recommend that Ashton and Alves be dismissed as defendants in this action.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
January 6, 2010