UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEAVEN TUCKER

v.                                                                                           C.A. NO. 07-406 ML

ASHBEL T. WALL, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Deaven Tucker, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island filed a complaint (the "Complaint") in the instant action, alleging that eighteen defendants violated his civil rights (Dckt. # 1). Presently before the Court is plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Dckt. # 71). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth below, I recommend that the Court certify that plaintiff's appeal is not taken in good faith and that plaintiff's Motion for Leave to Appeal In *Forma Pauperis* be DENIED.

BACKGROUND

Plaintiff filed the Complaint on November 1, 2007, along with a motion to proceed *in forma pauperis* (Dckt. # 3). The Court denied plaintiff's motion to proceed *in forma pauperis* on December 11, 2007, and, thereafter, plaintiff paid the filing fee. In December 2009 and January 2010, respectively, I issued three Report and Recommendations in the action, recommending that (i) the Motion for Summary Judgment filed by three defendants be granted (Dckt. # 53); (ii) the Motion to Dismiss filed by eleven defendants be granted in part and denied in part (Dckt. # 54); and (iii) seven unserved defendants be dismissed *sua sponte* due to plaintiff's failure to state a claim on which relief may be granted against such defendants and/or plaintiff's failure to serve process in accordance with Rule 4(m) (Dckt. # 55). On January 27, 2010, Chief Judge Lisi issued a Memorandum and Order adopting the three Report and Recommendation (the "January 27th Order") (Dckt. # 60). As a result, 14 defendants, against whom no claims remained, were dismissed while two defendants remained. On February 8, 2010, plaintiff filed a Motion for Reconsideration of the January 27th Order and a Motion to Alter Judgment (Dckts. ## 62 & 63), which Chief Judge Lisi denied via Orders issued on February 26, 2010 (Dckts. ## 65 & 66).

1

On or about March 31, 2010, plaintiff filed a Notice of Interlocutory Appeal (Dckt. # 67) as to Chief Judge Lisi's Order denying plaintiff's Motion for Reconsideration (the "February 26th Order Denying Reconsideration"). Plaintiff states that he believes he has a strong civil case which should not have been dismissed without a trial. He further complains that defendants did not comply with his discovery requests and urges that he should have been given a chance to proceed to trial because he alleges serious violations of his constitutional rights. Plaintiff filed the instant Motion for Leave to Appeal *in forma pauperis* on or about April 21, 2010.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(a) ("§ 1915"), a court may authorize a person to appeal a judgment in a civil action without prepayment of fees or security therefore if the person submits an affidavit stating that he is unable to pay such fees or give security. However, § 1915 further provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). An appeal is deemed frivolous when it is based on an "indisputably meritless legal theory or factual allegations that are clearly baseless." *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991). "The 'good faith' requirement is designed 'to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact.'" *Lyons v. Wall*, C.A. No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (quoting *In re Heghmann*, 324 B.R. 415 (1st Cir. BAP 2005)).

Here, plaintiff's appeal is not taken in good faith. A court of appeals may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders not applicable here, 28 U.S.C. § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221 (1949).[1] A district court's decision dismissing fewer than all of the defendants in a case where the plaintiff has sued multiple parties is ordinarily not a final, appealable judgment unless the district court expressly certifies judgment against the dismissed defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 54(b); *Barrett ex rel. Estate of Barrett v. U.S.*, 462 F.3d 28, 32 (1st Cir. 2006). Here, the Court has not

---

[1] Appealable interlocutory orders are certain orders relating to injunctions, receivers and admiralty, 28 U.S.C. § 1292, while appealable collateral orders are orders that: (i) conclusively determine the disputed question; (ii) resolve an important issue completely separate from the merits of the action; and (iii) are effectively unreviewable on appeal from a final judgment, *Johnson v. Jones*, 515 U.S. 304, 310, 115 S.Ct. 2151 (1995).

Case 1:07-cv-00406-ML-DLM Document 77 Filed 05/04/10 Page 3 of 3 PageID #: 366

directed the entry of final judgment with respect to the claims against any of the defendants that were dismissed pursuant to the January 27th Order, which the Court declined to reconsider in the February 26th Order Denying Reconsideration. Therefore the February 26th Order Denying Reconsideration is not an appealable final order and plaintiff's attempt to appeal the same is frivolous. *See Hedgespeth v. Watters*, No. 08-cv-410, 2008 WL 3926371, at *2 (W.D.Wis. Aug. 21, 2008)(court found appeal not taken in good faith and denied leave to appeal *in forma pauperis* where plaintiff sought to appeal an order that was not a final, appealable order); *Pennington v. Correctional Medical Services*, No. 5:06CV00144, 2007 WL 2904005, at *2 (E.D. Ark. Oct. 3, 2007)(same).

Accordingly, for the reasons stated above, I recommend that plaintiff's appeal be certified as not taken in good faith and his Motion for Leave to Appeal *In Forma Pauperis* be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian

Jacob Hagopian
Senior United States Magistrate Judge
May 4, 2010