UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEAVEN TUCKER

v.                                              C.A. NO. 07-406 ML

ASHBEL T. WALL, ET AL.

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court are three motions filed by Plaintiff, Deaven Tucker ("Plaintiff"), *pro se*, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure ("Rule 56(f)") (Dockets # 89, 90, & 93). Plaintiff filed such motions in response to the Motion for Summary Judgment (the "SJ Motion") filed by three of the four defendants remaining in this action (the "Remaining Defendants") (Docket # 84). Plaintiff seeks a continuance to complete discovery. Defendants have opposed one of Plaintiff's motions (Docket # 97). For the reasons set forth below, Plaintiff's second Rule 56(f) motion (Docket # 90) is GRANTED while his first and third Rule 56(f) motions (Dockets ## 89 & 93) are DENIED.

## PROCEDURAL BACKGROUND

Plaintiff, an inmate at the Adult Correctional Institutions in Cranston Rhode Island ("ACI"), filed the complaint in this action naming numerous ACI administrators and employees as defendants (Docket # 1). After the Court ruled on defendants' Motion to Dismiss and Motion for Summary Judgment and screened the Complaint pursuant to 28 U.S.C. S 1915A, various claims and defendants were dismissed (Docket # 60). The claims remaining in this action are: (i) Fourteenth Amendment claims against Defendant Gadsen regarding conditions of Plaintiff's confinement as a pretrial detainee and (ii) First and Fourteenth Amendment claims against Defendants Melino, Alves, and Ashton alleging that they planted a weapon in Plaintiff's cell in retaliation for his attempts to file legal action.

On August 4, 2010, three of the Remaining Defendants filed the SJ Motion urging that no material facts were in dispute and they deserved judgment as matter of law. With respect to the claims against Defendant Gadsen, they urge that the restrictions on Plaintiff during his pretrial detention were imposed as an incident to legitimate governmental objectives, rather than as punishment. They further urge that, although Plaintiff was housed in the Maximum Security unit, he enjoyed the same entitlements as the detainees housed in the Intake Center. With respect

to the retaliation claims, Defendants urge, in part, that (i) the only evidence proffered by Plaintiff in support of his retaliation claim consists of his own testimony about Melino planting the weapon in the presence of Alves and Ashton and that Defendants' testimony directly contradicts Plaintiff's version and (ii) Defendants are not aware of any legal filing Plaintiff made prior to the instant Complaint, which would be necessary for Plaintiff to show that Defendants acted in retaliation of any legal filing.

In response to the SJ Motion, Plaintiff filed the instant Rule 56(f) Motions, the first two on August 26, 2010 and the third on September 1, 2010. Plaintiff filed affidavits in support of his second and third Rule 56(f) Motions (Dockets ## 91 & 93-1 [p.2 of which is switched on the docket with Docket # 95-1, p.2]) (together, the "Rule 56(f) Affidavits"). Additionally, Plaintiff filed two documents in opposition to the SJ Motion (Dockets ## 87 & 95), both of which urge that a continuance pursuant to Rule 56(f) is warranted. In each of these documents, Plaintiff alleges that he requires an extension in order to adequately respond to the SJ Motion.

## DISCUSSION

Rule 56(f) provides, "If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed.R.Civ.P. 56(f). The First Circuit has described Rule 56(f) as the "procedural escape hatch for a party who genuinely requires additional time to marshal facts essential to justify [his] opposition." *Niemic v. Galas*, 286 Fed.Appx. 738, 740 (1st Cir. 2008)(quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988)).

To invoke Rule 56(f), a party must "establish: '(i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.'" *Id.* at 741 (quoting *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007)). Additionally, the party must have demonstrated "due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." *Id.* (quoting *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)). However, the First Circuit has instructed that "district courts should construe

motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Resolution Trust Corp.*, 22 F.3d at 1203.

Here, Plaintiff alleges in the Rule 56(f) Motions and Affidavits that: (i) his access to legal materials is limited to two hours a week; (ii) he is waiting for a declaration from his criminal legal counsel, Mark Smith, who contacted ACI officials about the circumstances of Plaintiff's detention while he was awaiting trial; (iii) he plans to renew a previously-denied request to obtain declarations or other testimony from three named inmates who witnessed the cell search in which the weapon was allegedly planted; (iv) Defendants have failed to comply fully with Court orders compelling them to provide documents and respond to interrogatories; and (v) he has prepared additional discovery requests for Defendants. Thus, Plaintiff has suggested that outside forces (restrictions on access to legal materials as well as delays in receipt of information from his legal counsel and the Defendants) rather than delay or other dilatory action on his part, led to his inability to gather the evidence. Further, Plaintiff has suggested the existence of additional facts that could be reasonably retrieved and may create a dispute as to material facts in this action, such as (1) testimony from his lawyer describing the conditions and the denial of privileges Plaintiff endured as a detainee and (2) eyewitness accounts of the cell search at issue that could verify that Defendants berated Plaintiff regarding legal filings and then planted (or ignored the planting of) a weapon in his cell. Although Plaintiff's Rule 56(f) Motions would have benefitted from, *inter alia,* more specific descriptions of the evidence he intends to gather, given Plaintiff's status as a *pro se* litigant, his numerous filings seeking extensions to conduct discovery, and the First Circuit direction to invoke Rule 56(f) generously, I find that Plaintiff has satisfied the requirements of Rule 56(f).

Accordingly, Plaintiff's second Rule 56(f) Motion for a continuance to gather additional discovery (Docket # 90) is GRANTED. However, Plaintiff's first Rule 56(f) Motion (Docket # 89), which is not supported by the required Rule 56(f) affidavit, and his third Rule 56(f) Motion (Docket # 93), which is duplicative, are DENIED. Plaintiff shall have until <u>January 31, 2010</u> to complete discovery and file a response to Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 16, 2010